UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

JAMES RICHARD TURLEY,            )
                                 )
    Plaintiff,                   )  Civil Action No.
                                 )     5:14-180-JMH
v.                               )
                                 )
LEANN MARIE BROWN-TURLEY-        )  **MEMORANDUM OPINION**
WALKER, *et al.*,                )  **AND ORDER**
                                 )
    Defendants.                  )

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff James Richard Turley ("Turley") is an inmate confined in the Northpoint Training Center located in Burgin, Kentucky. Proceeding without an attorney, Turley has filed a civil rights complaint asserting constitutional claims under 42 U.S.C. § 1983 and pendent state law claims. [R. 1]. Turley has paid the $400.00 filing fee. [R. 3].

Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint when the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims

lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Finally, if a court determines, at any time, that it lacks subject-matter jurisdiction over an action, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

As explained below, the Court lacks subject matter jurisdiction over Turley's claims, and will therefore dismiss his complaint.

## BACKGROUND

Turley was previously married to Defendant Leann Marie Brown-Turley-Walker ("Brown-Turley-Walker"), and together they had a daughter, J.R.T. In 2004, Turley and Brown-Turley-Walker began divorce proceedings in the Fayette Circuit Family Court, Case No. 2004-CI-04138 ("the Divorce Action"). Turley alleges that protracted litigation concerning both his child support obligations and his visitation rights with J.R.T. ensued in the Divorce Action for the next ten years. [R. 1, pp. 7-12].[1]

---

[1] The Court takes judicial notice of the fact that in December 2004, while the Divorce Action was proceeding, Turley was charged with, and convicted of, two counts of sodomy, one count of first-degree sexual abuse, one count of possession of marijuana, and two counts of possession of matter portraying sexual performance by a minor. The sodomy and sexual abuse charges were the result of an incident between Turley and J.R.T.

2

Brown-Turley-Walker is now married to Defendant Charles Thomas Walker, Sr. ("Walker").

Turley alleges that in 2013 he filed a series of motions in the Divorce Action seeking to enforce his visitation rights with J.R.T., on the grounds that Brown-Turley-Walker and Walker had continually violated a prior order in that proceeding which purportedly required them to physically bring J.R.T. to any Kentucky Department of Corrections facility where Turley is confined so that he could effectuate visitation with J.R.T. Turley alleges that on October 31, 2013, Fayette Family Court Judge Lucinda M. Masterton conducted a hearing on his motions; entered an order terminating his visitation privileges with J.R.T.; that he requested, but was denied, reconsideration of

---

In November 2005, a jury found Turley guilty of two counts of sodomy in the first degree, sexual abuse in the first degree, and possession of marijuana. The jury recommended a total twenty year sentence on the charges, and on January 12, 2006 the Fayette Circuit Court sentenced Turley according to the jury's recommendation. The Supreme Court of Kentucky affirmed Turley's conviction. See *Turley v. Commonwealth*, No. 2006-SC-88-MR, 2008 WL 3875433 (Ky. Jan. 25, 2007).

Turley unsuccessfully pursued numerous state-court collateral challenges to his conviction. In June 2011, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging the constitutionality of his state court conviction on numerous grounds. See *Turley v. Perry, Warden*, No. 7:11-CV-84-ART-CJS (E.D. Ky. 2011). On March 2, 2012, this Court adopted the Magistrate Judge's 21-page Report recommending the denial of Turley's § 2255 motion, and entered judgment in favor of the respondent. [*Id.* at R. 12 and 20].

3

that order; and that, in February 2014, he filed a "Gabbard Appeal" in the Fayette Circuit Court.

## ALLEGATIONS OF THE COMPLAINT

Turley alleges that on over three thousand occasions between October 5, 2004 and April 30, 2014, Brown-Turley-Walker prevented any form of contact between him and J.R.T.; failed and refused to have J.R.T. evaluated by a mental health specialist; and prevented him from exercising his visitation rights with J.R.T. [*Id.* at pp. 1-4, ¶¶ 1-8]. Turley alleged that Brown-Turley-Walker's actions over this 10-year period violated various orders entered in the Divorce Action; violated his federal rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and violated his state rights guaranteed under numerous provisions of the Kentucky Constitution.

Turley asserts practically identical claims against Walker, claiming that on over a thousand occasions between March 26, 2006 and April 30, 2014, Walker prevented him from communicating with J.R.T. and from carrying out his visitation rights with J.R.T., and that in so doing, Walker violated his federal and state constitutional rights. [*Id.* at pp. 4-6, ¶¶ 9-16]. Turley demands a jury trial and both money and punitive damages of up to $4 million from both defendants as compensation for the alleged violation of his federal and state rights.

4

**DISCUSSION**

Turley's complaint suffers from several defects which warrant dismissal. First, Turley asserts his claims alleging violation of his federal constitutional rights under 42 U.S.C. § 1983, but to proceed under that statute, a plaintiff must allege and establish that the defendant was a state actor. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Broomfield v. Garnes*, 36 F. App'x 545, 545 (6th Cir. 2002); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). A private party generally is not subject to suit under § 1983, *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999), and can be deemed a "state actor" only if he or she was acting under color of state law. *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003).

Turley alleges no facts indicating that either Brown-Turley-Walker or Walker were acting under color of state law rendering them "state actors" for purposes of § 1983. Turley alleges that Brown-Turley-Walker is his ex-wife and an employee of Central Kentucky Management Services, Inc., but neither of these allegations render her a "state actor" under § 1983. Further, Brown-Turley-Walker's status as an adverse party in the Divorce Action does not elevate her to the level of a "state actor" under § 1983. *See Courtney v. Reed*, No. 2:12-CV-10886, 2012 WL 1555207, at *2 (E.D. Mich. Apr. 30, 2012) (concluding that plaintiff's ex-wife was a private citizen and not a state

5

actor under § 1983); *Milgrom v. Burstein*, 374 F. Supp. 2d. 523, 527 (E.D. Ky. 2005) (same). Brown-Turley-Walker is merely a private party who is not subject to suit under § 1983. Next, Turley alleges that Walker is an employee of the Lexington-Fayette Urban County Government, but he alleges no facts suggesting that Walker's alleged actions were taken in his official capacity as a municipal employee. Thus, Walker is likewise only a private party who has no liability to Turley under § 1983.

A recent case from Michigan bears a striking similarity to this proceeding. In 2012, a Michigan prisoner unsuccessfully filed a federal civil rights action alleging essentially the same federal and state claims that Turley asserts in this action. In *Kucera v. Black*, No. 4:12-CV-15218, 2012 WL 6200332 (E.D. Mich. Dec. 12, 2012), Michigan prisoner John Kucera sued his ex-wife in federal court for her refusal to abide by the terms of divorce judgment which provide for visitations with his son. Kucera alleged that their Divorce Judgment provided that, if he were imprisoned in a facility within 100 miles of Detroit, his ex-wife would provide visitations with his son every-other-weekend at the facility, and that by failing to abide with that judgment, his ex-wife had interfered with his family relationship, intentionally inflicted emotional distress, and violated his civil rights. *Id*. at *1. On initial screening,

the court rejected all of Kucera's claims and dismissed his complaint, finding that among other things, his federal constitutional claims against his wife were based on "private acts and conduct," and that she did not qualify as a state actor under § 1983. *Id*. at *3. Similarly, Turley's claims must be dismissed because they are based upon private acts and conduct.

Second, the domestic relations exception, a long established legal principle, precludes Turley's claims. In *Kucera*, the district court discussed at length the "domestic relations exception" to federal jurisdiction, which the Supreme Court established in 1859 when it announced that federal courts have no jurisdiction over suits for divorce or the allowance of alimony. *See Barber v. Barber*, 62 U.S. 582, 584 (1859). The exception was later expanded to include child custody cases. *Ex parte Burrus*, 136 U.S. 586, 594 (1890). The Supreme Court has since reaffirmed that the domestic relations exception to jurisdiction "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Pursuant to the domestic relations exception, "federal courts are precluded from exercising jurisdiction over cases whose substance is generally domestic relations" issues. *Chambers v. Michigan*, 473 F. App'x 477, 478 (6th Cir. 2012); *see Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 ("[F]ederal courts traditionally have

refrained from exercising jurisdiction over cases which in essence are domestic relations disputes.").

In *Kucera*, the court explained that the domestic relations exception "recognizes that the field of domestic relations involves local problems 'peculiarly unsuited to control by federal courts.'" *Kucera*, 2012 WL 6200332, at *1 (quoting *Firestone*, 654 F.2d at 1215). The district court then applied the domestic relations exception to Kucera's claims, finding that although he had alleged that his ex-wife's refusal to abide by a visitation schedule was a tort, "this case does not merely have domestic relations overtones—it is in essence a run-of-the-mill domestic relations case that is properly addressed by the state courts." *Kucera*, 2012 WL 6200332, at *2.

Similar to the facts in *Kucera*, the crux of Turley's claims in this case is that Brown-Turley-Walker and Walker allegedly violated an order or orders entered in the Divorce Action, thus interfering with or preventing his visitation rights with J.R.T. Turley frequently described his claims as deprivation of his "property" rights, or as violations of "contract," *see*, *e.g.*, R. 1, ¶¶ 5, 6, 8, but the substance of his claims concerns a child visitation issue, which is a core domestic relations matter. Because the substance of Turley's claims involves a quintessential domestic relations issue, the domestic relations exception bars consideration of his claims. Turley must pursue

his claims in the Divorce Action and/or in the state appellate courts, not in federal court.

Further, while Turley does not expressly or directly challenge the October 31, 2013 order entered in the Divorce Action, which terminated his visitation rights with J.R.T., a broad reading of his claims suggests that he is trying to collaterally challenge that order through this § 1983 action. Specifically, Turley alleges that Brown-Turley-Walker violated his federal and state constitutional rights on thousands of occasions between October 5, 2004 and April 30, 2014, [R. 1, pp. 1-4]; that Walker engaged in the same unconstitutional action on numerous occasions between March 26, 2009, and April 30, 2014, *see id.*, pp. 4-8; and that on October 31, 2013 Fayette Family Court Judge Lucinda M. Masterton entered an order in the Divorce Action which terminated his visitation rights with J.R.T. [*Id.* at pp. 11-12, ¶¶ 39-47].

Thus, to the extent that Turley alleges that the defendants violated his federal and state rights on or after the entry of the October 31, 2013 order, *i.e.*, during the six-month period between October 31, 2013 and April 30, 2014, his § 1983 complaint qualifies as a collateral challenge to the October 31, 2013 order entered in the Divorce Action. If the Court permitted Turley's claim on this issue to proceed, it would

effectively invalidate, or at least call into question, the October 31, 2013 order entered in the Divorce Action.

Under the *Rooker-Feldman* doctrine, Turley is not entitled to collaterally seek relief on such claims in the federal court by way of a § 1983 action. The *Rooker-Feldman* doctrine provides that federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

The *Rooker-Feldman* doctrine prevents consideration of Turley's construed claims as to any alleged violation of his rights that occurred between October 31, 2013 and April 14, 2014, because such claims amount to nothing more than an impermissible "back-door," or collateral, challenge to an adverse order entered in the Divorce Action. *See Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) (affirming dismissal of parents' tort claims that collaterally attacked state court judgments which terminated their parental rights based on both the *Rooker-Feldman* doctrine's principles of comity, and deference to state expertise in the field of domestic relations); *Partridge v. Ohio*, 79 F. App'x 844, 845-46 (6th Cir. 2003) ("Partridge's federal case is essentially an

impermissible appeal of the state court judgment as it raises specific grievances regarding decisions of Ohio's domestic relations courts."). Again, any objection or challenge which Turley has to the October 31, 2013 order must be pursued in the Divorce Action, and, if unsuccessful, Turley must appeal in state court. For these reasons, Turley's § 1983 claims must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Finally, when a district court dismisses all federal claims, as has been done in this case, it should generally decline to exercise supplemental jurisdiction over state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Weeks v. Portage Cnty. Exec. Offs.*, 235 F.3d 275, 279–80 (6th Cir. 2000); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Therefore, the Court will dismiss Turley's pendent claims alleging violations of the Kentucky Constitution without prejudice to his asserting those claims in state court.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) James Richard Turley's claims asserted under 42 U.S.C. § 1983 against Defendants Leann Marie Brown-Turley-Walker and Charles Thomas Walker, Sr. are **DISMISSED WITH PREJUDICE**.

11

(2) James Richard Turley's state law claims asserted against Defendants Leann Marie Brown-Turley-Walker and Charles Thomas Walker, Sr. are **DISMISSED WITHOUT PREJUDICE** to Turley's right to assert those claims in state court.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 23rd day of June, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge